392 So.2d 433 (1980)
STATE of Louisiana
v.
William Wayne MESHELL.
No. 80-KA-1538.
Supreme Court of Louisiana.
December 15, 1980.
Rehearing Denied January 26, 1981.
*434 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Don M. Burkett, Many, for defendant-appellant.
MARCUS, Justice.
William Wayne Meshell was charged by bill of information with cruelty to a juvenile in violation of La.R.S. 14:93. After trial by jury, defendant was found guilty as charged and sentenced to serve seven years at hard labor and to pay a fine of $750. On appeal, defendant relies on a single assignment of error for reversal of his conviction and sentence. Finding merit to defendant's assigned error, we reverse.
Defendant contends the trial judge erred in denying his motion for a mistrial based on the state's failure to comply with his request for discovery.
On September 26, 1979, defense counsel filed a motion for discovery requesting, inter alia, "that the District Attorney or the appropriate law enforcement agency furnish to the defendant a copy of any record of his criminal arrest and conviction that is in their possession or custody." On October 2, 1979, the state filed an answer responding that it had "none." On the date set for the hearing on the motion for discovery (October 4, 1979), defense counsel advised the court that he was satisfied with the district attorney's answer.
Trial commenced on March 10, 1980. Defendant's wife, Amber A. Meshell, testified that early on the morning of February 4, 1979, she and her husband were awakened by the cries of their six and one-half month old son, Michael Meshell. When defendant's efforts to quiet the child proved unsuccessful, he picked up a belt, wrapped it around his hand and struck the inside of the infant's left foot several times. When the crying continued to persist, defendant slapped the right side of the infant's face. While several other witnesses testified for the state, defendant's wife was the sole person to witness the commission of the alleged offense.
After the state rested its case, the assistant district attorney furnished defense counsel with a copy of defendant's "rap sheet" which revealed that defendant had been previously convicted of "child abuse" on April 22, 1975. Outside the presence of the jury, the assistant district attorney stated that he had discovered the rap sheet upon review of his file the previous day. Defendant moved for a mistrial. The trial judge denied the motion, finding that "the state afforded that information at the first opportunity after it discovered its existence."
La.Code Crim.P. art. 717 provides:

*435 Upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody.
La.Code Crim.P. art. 729.3 provides:
If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
La.Code Crim.P. art. 729.5(A) provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal as may be appropriate.
Article 717 requires the district attorney to furnish a copy of defendant's rap sheet upon request. Article 729.3 imposes a continuing duty upon a party prior to or during trial to promptly notify the other party and the court of the discovery of additional evidence previously requested by the other party and subject to discovery or inspection under the court order. Article 729.5(A) provides for the sanctions the court may impose when it is brought to the attention of the court that a party has failed to comply with discovery and inspection or an order issued pursuant thereto.
In the instant case, defendant requested a copy of his rap sheet well in advance of trial. The state responded that it had "none." On the day prior to trial, the assistant district attorney discovered the rap sheet upon review of his file. Nonetheless, he failed to furnish defendant with a copy of it until after the state had rested its case.
If the state had furnished defense counsel with a copy of defendant's rap sheet prior to trial, counsel might have attempted to negotiate a plea bargain by pleading his client guilty. This course of action might have been particularly advantageous to the accused in view of his previous conviction for child abuse. Or defense counsel could have requested a continuance to meet the evidence rather than having to move for a mistrial. This would have avoided the need to abort the trial. Moreover, defense counsel's voir dire of prospective jurors and cross-examination of state witnesses might have been conducted in a different manner had he been aware that the state was in possession of defendant's rap sheet. Most important, we agree with defense counsel that the state's belated compliance with his request for discovery effectively denied defendant the right to take the stand. Defense counsel stated that, prior to the state's furnishing him with a copy of defendant's rap sheet, he intended to place defendant on the stand as his sole witness; however, in view of this new development, he felt that he could not do so. He argues that had he known of defendant's rap sheet prior to trial, he would have undertaken a different defense strategy.
We conclude that the failure of the state to furnish defense counsel with a copy of defendant's rap sheet until after the state had rested its case constituted a clear violation of its continuing duty to promptly notify defendant of its discovery of the additional evidence. Under the circumstances hereinabove recited, a substantial right of the accused, that is, the right to prepare an adequate defense, was affected. Hence, the trial judge abused his discretion in failing to grant a mistrial. We must reverse. La.Code Crim.P. art. 921.

*436 DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the district court for a new trial.