582 So.2d 964 (1991)
STATE of Louisiana, Appellee,
v.
Ronnie DeMOSS, Appellant.
No. 22474-KA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
John W. Focke, II, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Don C. Burns, Dist. Atty., Iley H. Evans, Asst. Dist. Atty., Columbia, for appellee.
Before SEXTON, LINDSAY and STEWART, JJ.
STEWART, Judge.
Defendant, Ronnie DeMoss, charged via bill of information with one count of aggravated battery (LSA-R.S. 14:34), was tried and convicted by a jury of the responsive verdict of second degree battery, a violation of LSA-R.S. 14:34.1. Defendant challenges the sufficiency of the evidence to sustain the verdict and the trial court's handling of motions for recusal and for mistrial; he claims error in evidentiary matters pertaining to a medical witness; and he complains that his sentence is excessive. We reverse and remand for a new trial.

FACTS
The charged offense arose from a fight which occurred on October 1, 1988 involving defendant, Ronnie DeMoss, and the victim, Rodney Gregory. Gregory and Matt Delcoure had gone to a bar (the City Lounge) in Columbia where they drank *965 beer and mixed drinks. While at the bar, Delcoure danced with defendant's estranged wife. Defendant became upset with Delcoure and asked him to go out behind the building "to duke it out." Defendant also said, "you won't come out from that building if you go back there with me." Delcoure declined. The bar closed and the participants went to another bar. Delcoure continued to dance with defendant's wife. After a while, Gregory and Delcoure left the bar and drove a third man to his home.
As Gregory and Delcoure departed from their friend's home they were confronted and stopped by a car containing defendant, Darren Williams and Michelle Mancilas. Defendant accused Delcoure of kissing his wife. Then Delcoure and Williams started a shouting match which resulted in both of them fighting and rolling around on the ground. At that point the parties disagree on the sequence of events.
The evidence shows that defendant took a one-liter Jack Daniels whiskey bottle from the victim, Gregory, and hit him with it. Defendant continued his attack, attempting to cut Gregory's throat with the broken bottle neck and pushing it at his face. Gregory was unable to break away. He pulled a small knife from his pocket, opened the blade and stabbed defendant. Gregory freed Delcoure from Williams. Gregory and Delcoure left the scene to seek medical treatment. Gregory suffered the loss of his left eye.

DISCUSSION

Assignment of Error No. 5
Because we find merit to defendant's claim that a mistrial should have been granted, we will first address this assignment of error.
Defendant claims his motion for mistrial, based on the D.A.'s questioning of defendant about his criminal record, should have been granted, in part, because the D.A. hadn't furnished to defendant a copy of his "rap sheet" as requested during the discovery portion of the case. The parties disagree as to whether the rap sheet was provided. Defense counsel claims it wasn't. The prosecution asserts that the rap sheet was attached to other discovery material provided to defendant, and that defense counsel was given complete access to the prosecution's "open file". Defense counsel agreed he had "open file" discovery but denies that the "rap sheet" was part of the file he saw. Defendant also contends that a mistrial was required under LSA-C.Cr.P. Art. 770.
At trial, defendant, when cross-examined by the state for purposes of impeachment, denied having been previously convicted of battery, disturbing the peace and resisting an officer. No further mention of previous convictions was made in the jury's presence. Defense counsel objected to the use of this evidence asserting that defendant had not been provided the "rap sheet" and that if such had been given, he would have evaluated the propriety of defendant's taking the stand. The trial judge overruled defendant's objection.
LSA-C.Cr.P. Art. 717 dealing with furnishing of defendant's criminal records reads as follows:
Upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody.
Additionally, LSA-C.Cr.P. Art. 729.3 notes:
If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
Finally, LSA-C.Cr.P. Art. 729.5 A states:
A. If at any time during the course of the proceedings it is brought to the attention *966 of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
The state's failure to comply with discovery procedures which results in prejudice to defendant constitutes reversible error. State v. Vaccaro, 411 So.2d 415 (La.1982); State v. Meshell, 392 So.2d 433 (La.1980); State v. Davis, 380 So.2d 607 (La.1980). The state's failure to comply with discovery procedures does not automatically require a reversal. The court examines the circumstances of the case to determine whether defendant was prejudiced and if the trial court abused its discretion. State v. Knighton, 436 So.2d 1141 (La.1983); State v. Vaccaro, supra; State v. James, 396 So.2d 1281 (La.1981).
The answer to defendant's motion for discovery admitted at trial into evidence indicates the inclusion of defendant's criminal arrest and/or conviction record as an attachment. However, a review of the included documents reveals only the attachment of one prior criminal arrest record but no "rap sheet." Nor was the district attorney unequivocally able or willing to state for the record that the "rap sheet" was attached or reviewed by defense counsel at any time. He stated that another assistant district attorney prepared the answer and the block was checked on the state's standard form response showing that the conviction record was attached, therefore it must have been attached. Additionally, although the assistant district attorney stated for the record that he personally allowed the defense attorney to review his file, he did not state that the defense had seen the rap sheet or that it was contained in his file at the time of that meeting.
Defendant cites the case of State v. Meshell, 392 So.2d 433 (La.1980) in support of its position. There, the court reversed a conviction under circumstances where the state indicated during discovery that defendant had no criminal record but then attempted to impeach him during cross-examination by use of a prior conviction for a similar offense. In Meshell, defense counsel claimed he would have undertaken a different defense strategy had he known of defendant's rap sheet prior to trial. The Louisiana Supreme Court held that because the state had responded that it had "none" when the defendant requested pretrial discovery of his rap sheet, there had clearly been a violation of its continuing duty to promptly notify the defendant of its discovery of the additional evidence. The court found that a substantial right of the accused, the right to prepare an adequate defense, was affected and a mistrial was granted under the provisions of the LSA-C. Cr.P. Art. 729.5 and Art. 921. Similarly as in Meshell, defense counsel stated on the record that he would have considered changing his strategy if he had had access to the criminal record of defendant. Therefore, aside from that noted, we find the cases indistinguishable.
The right to prepare an adequate defense is a substantial right of the defendant. Meshell, supra. The inability of the state to demonstrate compliance with its duty to provide the requested information and defense counsel's claim that knowledge of the existence of this evidence would have affected his decision to place defendant on the stand demonstrates a violation of this substantial right. Accordingly, a mistrial should have been granted under the provisions of LSA-C.Cr.P. Art. 729.5 A. Based upon the foregoing, defendant's conviction and sentence are reversed and the case is remanded to the trial court for a new trial. Compare, State v. White, 430 So.2d 174 (La.App. 2d Cir.1983).
Because we find it necessary to remand the case to the district court for a new trial, we pretermit discussion of the remaining assignments of error.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and *967 the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
SEXTON, J., concurs and assigns written reasons.
SEXTON, Judge, concurring.
I regret the necessity for this reversal, but in the light of LSA-C.Cr.P. Art. 717 and State v. Meshell, 392 So.2d 433 (La. 1980), I agree that we have no alternative.
However, I think it should be emphasized that the instant case presents a LSA-C. Cr.P. Art. 717 issue rather than a LSA-C. Cr.P. Art. 770 issue. The purpose of Art. 717, which requires the state to furnish the defendant a copy of his own rap sheet, eludes me. Surely, any person should know his own criminal record.
The purpose of any trial, and any discovery procedure attendant thereto, is to serve the truth. All I perceive that Art. 717 does is give a defendant an opportunity to avoid the truth if he is of such a mind.