679 So.2d 482 (1996)
STATE of Louisiana, Appellee,
v.
Arthur Lee MORRIS, Appellant.
No. 28312-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
David A. Hilburn, Bossier City, for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, Joseph A. Gregorio, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Arthur L. Morris, was charged with one count of possession of cocaine, a violation of LSA-R.S. 40:967. After a bench trial, the defendant was convicted as charged and sentenced to serve thirty months at hard labor. Defendant appeals, urging that the court should have granted his request for a mistrial pursuant to LSA-C.Cr.P. Art. 729.5. The defendant also assigned as error the excessiveness of his sentence, but failed to brief that issue. Assignments of error which are neither briefed nor argued are considered abandoned. URCA-Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990). Therefore, the only issue presented for our review is whether a mistrial should have been granted. For the reasons assigned below, we affirm the defendant's conviction and sentence.

*483 FACTS
At trial, one of the state's witnesses, Bossier City Police Sergeant G. Sproles, testified that on September 5, 1992, he was on patrol in the Scott and Green Street area, a neighborhood then known for "heavy" street sales of cocaine. Based on prior intelligence data from several informants that the defendant, who was also known by the nickname "Poochie," was always in possession of crack cocaine for sale and that he drove a black Grand Prix, Sproles directed his attention to a black Grand Prix being driven by defendant. Sproles followed the defendant for several blocks, noting that one of the occupants of the defendant's car appeared to be drinking. Shortly thereafter, Officer Tommy Black arrived and the officers drove their cars in positions to collectively observe both sides of defendant's car. The experienced officers were aware that suspects will sometimes drop illegal drugs out of car windows when the police initiate a traffic stop. The officers then turned on their emergency lights to stop the defendant's vehicle.
Near the intersection of Shed and Benton Roads, the officers saw a hand extended from the driver's window and an object dropped from the window. The car stopped shortly thereafter, and the driver, the defendant, got out of the car. Officer Black immediately stopped and searched the section of road where the object had been dropped, while Officer Sproles continued to pursue the defendant. At trial, Officer Black testified that he found two rocks which appeared to be crack cocaine, and he identified the defendant as the driver who had dropped the cocaine. Officer Black also testified that the defendant's car did not have rear roll-down windows.
Officer Sproles detained the defendant at the rear of defendant's car, and Officer Black returned to the defendant's car with the cocaine that had been dropped. A field test of the rocks was positive for crack cocaine. The officers then arrested the defendant, removed the other three occupants from the car, and searched the car. Several empty beer cans and two additional rocks of crack cocaine were found under the driver's seat.
After the officers' testimony, the chain of custody for the items found by the officers was established. Randall Robillard, a forensic chemist, testified that the substance that the police delivered to the crime lab for analysis was cocaine. The state then rested.
The defense witnesses gave conflicting testimony regarding the rocks of crack cocaine thrown from the car. Oliver Lias testified that on the night of the incident, he, his girlfriend, Florence Mayshack, and Annette Mason were in the Scott Street area, and they asked the defendant for a ride home. Mason had a reputation for using crack cocaine.[1] According to Lias, Mason rolled down her window while she was sitting in the right rear seat behind Lias and threw the crack cocaine out of the window of the defendant's car. This testimony contradicts Officer Black's testimony that there are no roll-down rear windows on the defendant's car. Lias also testified that Mason was the only one in the car who possessed cocaine. On re-direct, Lias stated that Mason may have been sitting behind the defendant on the driver's side rather than behind him on the passenger side. At the time of trial, Lias had been convicted of two counts of simple burglary and was awaiting sentencing.
Florence Mayshack testified that the defendant was giving her a ride home and that she was positioned behind the defendant in the car. Mayshack was aware of the fact that Mason uses crack cocaine. Mayshack stated that she did not see the defendant throw anything out of the window, but that she "believes" Mason threw her crack cocaine out of the right passenger window. On cross-examination, Mayshack stated that the defendant's window was rolled up when the police made the stop, and Lias' window was the only window rolled down.
The defendant testified on his own behalf that he was taking the three passengers home when the police stopped him. On direct examination, he stated that his car had *484 rear windows, but gave an unintelligible answer to the question, "Do they roll down?" On cross-examination, the defendant testified that his window was rolled down. Defendant's testimony contradicted Mayshack's testimony that defendant's window was rolled up. The defendant also denied knowing that anyone in his car possessed crack cocaine.
During cross-examination, the assistant district attorney asked the defendant whether he was on probation, and the defendant answered "yes." At this juncture, defense counsel moved for a mistrial pursuant to LSA-C.Cr.P. 729.5, stating that the prosecutor had not complied with the defendant's discovery request because the prosecutor had not provided defendant with a copy of his rap sheet. In response, the assistant district attorney explained that he was not in charge of the case at the time defendant made his discovery request, that he had obtained the defendant's rap sheet two days before trial, and that he had only reviewed the rap sheet on the day of the trial. The trial judge denied defense counsel's motion for a mistrial, but ruled that no evidence of prior convictions would be admitted. He also stated that for the purpose of determining the defendant's credibility, he would consider the defendant a first felony offender.
After listening to the testimony and noting the evidence presented, the trial judge found the defendant guilty as charged of possession of crack cocaine. In his oral reasons, the trial court found the police officers' testimony to be more credible than the testimony of the defense witnesses. However, the trial judge stated that he did not consider any prior convictions in assessing the defendant's credibility. The defendant appealed.

DISCUSSION
The defendant contends the trial court should have granted his request for a mistrial when the prosecutor attempted to elicit information regarding the defendant's prior conviction without providing the defendant with a copy of his rap sheet pursuant to the defendant's "Motion for Discovery and Inspection." Defendant contends that because he was not provided with a copy of his rap sheet, he was denied the opportunity to evaluate the state's case against him. He argues that the strategy he employed for his defense would possibly have been different. We find the defendant's contention meritless.
LSA-C.Cr.P. Art. 729.5 provides that if at any time during the proceedings it is brought to the court's attention that a party has failed to comply with the discovery provisions of the code or an order issued pursuant to those provisions, the court may order the noncomplying party to permit the discovery or inspection, grant a continuance, order a mistrial on the defendant's motion, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
The state's failure to comply with discovery procedures which results in prejudice to the defendant constitutes reversible error. However, the state's failure to comply with the discovery procedure will not automatically command reversal. The defendant must show prejudice in order for his conviction to be reversed. Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.1993), writ denied, 623 So.2d 1302 (La. 1993); State v. DeMoss, 582 So.2d 964 (La. App. 2d Cir.1991). Mistrial is a drastic measure and is warranted only when substantial prejudice will otherwise result to the defendant sufficient to deprive him of a fair trial. State v. Smith, 418 So.2d 515 (La.1982). Determining whether such prejudice has resulted is within the sound discretion of the trial judge. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (1990); State v. Brown, 557 So.2d 1085 (La.App. 2d Cir.1990). It is not mandatory that the trial court declare a mistrial when it is brought to the court's attention that one of the parties has not complied with a discovery request. As stated above, a mistrial is only warranted if a party is prejudiced by the other party's failure to comply with the discovery request. State v. DeMoss, supra.
*485 In the present case, the record does not show that the defendant was prejudiced by the trial court's refusal to grant a mistrial. No evidence concerning the defendant's prior conviction was presented to the trial court other than an affirmative response to the question of whether the defendant was on probation. The trial judge, as he was authorized to do by LSA-C.Cr.P. Art. 729.5, specifically prohibited the prosecution from introducing any further evidence of a prior conviction. Further, the trial in this case was a bench trial, and thus, the concern of jury taint was not present. Also, in denying the defendant's motion for a mistrial, the trial judge stated that he would not consider any previous convictions in determining the defendant's credibility. In his oral reasons following the presentation of all of the evidence, the trial judge again stated that he did not consider any prior convictions in determining the defendant's credibility. The decision to treat the defendant as a first felony offender is authorized under LSA-C.Cr.P. Art. 729.5 which states that the trial court may enter orders, other than a dismissal, that may be appropriate in the case of a party's failure to comply with a discovery request. The defendant was not denied the opportunity to testify on his own behalf or present a defense. Based on the foregoing facts, we find the defendant was not prejudiced by the prosecution's non-disclosure of the defendant's rap sheet.
The defendant relies on several cases to support his contention that the trial court's denial of a mistrial was reversible error. In State v. Meshell, 392 So.2d 433 (La.1980), the Louisiana Supreme Court reversed a conviction where the state affirmatively said during discovery that the defendant had no criminal record, but then tried to impeach him during cross-examination by use of a prior conviction for the same offense. Defense counsel claimed he would have used a different trial strategy had he been provided the rap sheet prior to trial. He said that up until the belated provision of the rap sheet at the close of the prosecution's case-in-chief, he had intended for the defendant to testify in his own behalf, but was deprived of that strategy when he learned defendant was subject to impeachment. The supreme court held that because the state had violated its continuing duty to disclose additional evidence, and because this violation adversely affected the defendant's right to prepare an adequate defense, it was an abuse of discretion for the trial judge to deny defendant's request for a mistrial.
State v. Meshell, supra, is distinguishable from the present case. That case involved a jury trial; this case was a bench trial. In Meshell, the state affirmatively misled the defendant and here, the failure to disclose was inadvertent. Finally, the defendant in Meshell was deprived of his right to testify. In the present case, the trial court would not allow the state to use evidence of prior convictions to impeach the defendant. As noted above, the trial judge specifically stated that he did not consider any prior convictions in assessing the defendant's credibility.
The defendant also relies on State v. DeMoss, supra. That case was a jury trial for aggravated battery. The prosecutor asked the defendant if he had prior convictions for named, similar offenses, but did not elicit any other information concerning the prior convictions in front of the jury. This court stated the general rule that failure to comply with discovery procedures which results in prejudice to the defendant is reversible error. However, the court went on to say that reversal is not automatic. The court will examine the circumstances of the case to determine whether the defendant was prejudiced and whether the trial court abused its discretion. Relying on Meshell, this court found that the combination of the state's failure to provide the requested rap sheet and counsel's claim that knowledge of the existence of this evidence would have affected his decision to place the defendant on the stand demonstrated a violation of his substantial right to prepare an adequate defense. The court ruled a mistrial should have been granted, reversed the conviction and sentence, and remanded for a new trial.
DeMoss is also distinguishable from this case. In DeMoss, there was no way to remove the taint from the jury. Here, the trial judge stated that he would consider defendant as a first felony offender. This *486 seems to obviate defense counsel's claim that had he known of the defendant's prior conviction, he would have chosen a different trial strategy. Since the fact finder did not consider defendant's prior criminal conviction, the strategy of avoiding impeachment based on the introduction of defendant's prior conviction was achieved, and the defendant was still given an opportunity to testify. Consequently, defendant was not deprived of the right to present a defense or to testify on his own behalf.
Finally, State v. Davis, 399 So.2d 1168 (La.1981), was a jury trial for second degree murder. The state's case was entirely circumstantial. The state failed to provide responses to defendant's bill of particulars and did not notify the defendant of the existence of an oral inculpatory statement until the prosecutor introduced it at trial. The Louisiana Supreme Court found the state had lulled the defendant into a misapprehension of the strength of its case to his prejudice. In the instant case, no statement was withheld, nor was any withheld-but-inculpatory evidence admitted. Therefore, State v. Davis, supra is also distinguishable from the present case.
Based on a review of the record of this criminal bench trial, we find no prejudice to the defendant by the state's failure to disclose evidence of defendant's prior conviction. Therefore, the trial court did not abuse its discretion in denying the defendant's request for a mistrial.
We have reviewed the record for error patent pursuant to LSA-C.Cr.P. Art. 920(2), and found none.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] During the trial, Annette Mason refused to answer any questions and asserted her Fifth Amendment right to remain silent.