796 So.2d 94 (2001)
STATE of Louisiana, Appellee,
v.
Paul LANDRUM, Appellant.
No. 35,053-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*96 Michael W. Kelly, Counsel for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Penny W. Douciere, Assistant District Attorney, Counsel for Appellee.
Before BROWN, CARAWAY and KOSTELKA, JJ.
CARAWAY, Judge.
After failing to return to court on the second day of his trial, the defendant was convicted of distribution of cocaine. When apprehended more than a year later, the trial court sentenced the defendant to 15 years at hard labor. The defendant now appeals, asserting four assignments of error. For the following reasons, we affirm the conviction and sentence.

Facts and Trial Court Proceedings
On July 28, 1998, the Richland Parish Sheriffs Office conducted an undercover drug operation in Rayville using a deputy from the Madison Parish Sheriffs Office, Officer Antonio Johnson ("Officer Johnson"). Officer Johnson's undercover vehicle was a pick-up truck, wired for both sound and video. The micro video camera was concealed inside the cab of the truck. Officer Johnson would drive slowly through known drug areas, waiting for a dealer to flag him down.
The Richland Apartments was such a targeted area for undercover police operations that day. Before reaching the apartments, Officer Johnson stopped at a nearby Citgo station, where a drug dealer approached him and subsequently sold him two rocks of crack cocaine. After the buy, Officer Johnson put the rocks in a small bag. Instead of going to the "secure area" and giving the contraband to a supervising officer, Officer Johnson instead drove to the apartment complex, stopping near Unit # 2. When the defendant, Paul Landrum ("Landrum"), approached the driver's side and spoke to him, Officer Johnson said he was looking for a "twenty," and asked Landrum if he knew how to get some.
Landrum told Officer Johnson to wait as he walked behind the vehicle near Apartment Unit # 2. With Officer Johnson watching, Landrum walked into the breezeway of Unit # 2, over to Greg McMillian, who was also in the breezeway. The officer saw Landrum reach into his pocket, hand something to McMillian, and exchange hands with McMillian in a high five gesture. McMillian immediately *97 walked over to the officer's truck, without putting his hands in his pockets.
As Landrum watched from 15 to 20 feet away, McMillian asked Officer Johnson if he was a police officer. The officer reminded McMillian that McMillian had just sold him some crack the day before. McMillian handed the officer an unpackaged rock of crack cocaine, and the officer handed him $20.00. McMillian turned around, walked back to Landrum, and handed Landrum the money. The camera videotaped portions of the transaction, including Landrum approaching Officer Johnson and McMillian bringing the cocaine to him. However, because the camera was aimed towards the driver's side window of the truck, the exchange that occurred between Landrum and McMillian could not be videotaped.
After the buy, and as soon as he was out of McMillian's sight, Officer Johnson put the cocaine in a small bag, separate from the other bag containing the crack cocaine he bought first. He immediately drove to the secure area and delivered the bag to Officer Perry Fleming, who placed it in a larger evidence bag, and labeled it with a case number and the number "2," to distinguish it from the evidence in the other small bag. Both officers signed the label on the larger evidence bag.
Landrum and McMillian were subsequently arrested for distribution of cocaine. McMillian pled guilty, and agreed to testify against the defendant. After Landrum was arraigned for distribution of cocaine, his counsel filed a motion for discovery. The state provided the defendant with all of the discoverable information it possessed at the time. However, on the Saturday before the trial began, the district attorney's office photographed the apartment complex and the truck used in the buy. Copies of these photographs were not furnished to Landrum prior to trial.
A jury trial began on September 21, 1999. Landrum, who was out on bond, was present during the first day when the jury was selected. Landrum and his family were absent from court the next morning. Defense counsel advised the court that he could not find Landrum. Following a hearing, the trial court found that Landrum had voluntarily absented himself, and that the trial could proceed without him. The trial court instructed the jury that Landrum would not be present, but that his absence did not alter the state's burden of proof. At the end of the trial, the jury unanimously convicted Landrum of distribution of cocaine. After the verdict, the trial court issued a bench warrant for Landrum's arrest as a fugitive. Landrum remained at large for more than a year following his conviction. At Landrum's sentencing on December 19, 2000, the trial court noted that this was defendant's third felony conviction, and sentenced him to 15 years at hard labor.

Discussion

Defendant's Absence at Trial
In his first assignment of error, Landrum argues that La.C.Cr.P. art. 831 requires that the defendant be present for trial and that the state did not establish that he had voluntarily absented himself from trial.
La.C.Cr.P. art. 831 provides, in pertinent part:
A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
* * * *
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings *98 for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced....
La.C.Cr.P. art. 832 provides, in pertinent part:
A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and:
(1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial....
La.C.Cr.P. art. 831 states a defendant's due process right to be present at every stage of the trial when his absence might frustrate the fairness of the proceeding. However, the provisions of La. C.Cr.P. art. 831 are not absolute. A defendant may waive his right to be present by voluntarily absenting himself from the trial. La.C.Cr.P. art. 832. In the case of a defendant who voluntarily absents himself from trial, the next inquiry is whether the defendant's attorney was present at every stage of the proceeding. If so, the defense attorney's presence is sufficient to satisfy the due process requirements of La.C.Cr.P. arts. 831 and 832. State v. Bolton, 408 So.2d 250, 257-258 (La.1981).
The record shows that Landrum was present when the trial began with jury selection on September 21, 1999. After the jury was seated, proceedings to begin taking evidence were adjourned until the next day. Thus, Landrum's trial clearly commenced. The record shows that neither Landrum nor his family were present in court on the second day of trial. The trial court conducted a hearing outside the presence of the jury to determine if Landrum had voluntarily absented himself and if the trial could continue pursuant to La. C.Cr.P. art. 832. During the hearing, a deputy sheriff testified that an informant told him that Landrum caught a bus the night before. Landrum's counsel objected to the testimony as hearsay and maintains in this appeal that the evidence was insufficient to show Landrum's voluntary absence at trial. We disagree.
At the hearing, the most compelling evidence was defense counsel's representation that he had attempted to contact Landrum and his family. Counsel offered no other explanation as to his client's whereabouts. Furthermore, Landrum offered no justification for his absence either at sentencing or in this appeal. Based on this information, the trial court clearly did not abuse its discretion in finding that Landrum voluntarily absented himself from the trial after it began and that the trial could continue without him. This assignment is therefore without merit.

Discovery of Photographs
When the trial began, the state introduced photographs of the apartment complex and Officer Johnson's truck. Because the state failed to furnish the defense with the photographs under its continuing discovery obligation, Landrum's counsel objected and moved for a mistrial. The trial court found that the photographs were admissible and denied the motion for mistrial.
Landrum's second assignment of error disputes the trial court's denial of the mistrial, yet erroneously characterizes the state's omission as "failure to comply with *99 pretrial discovery in providing the videotape and evidence log." Defendant's argument on this assignment of error states:
The court erred in denying the defendant's motion for a mistrial base [sic] upon the failure of the state to comply with the rules of discovery and introducing into the trial proceedings evidence previously requested by [sic] undisclosed prior to trial. (See Tr. p. 270 line 4-9; p. 271 lien [sic] 4.) The court committed error in failing to grant defendant's motion for a mistrial based upon a clear failure by the State to provide adequate discovery and the introduction of the same into the trial proceedings.
Since the transcript references concern the disputed photographs of the crime scene and the undercover officer's vehicle, we will address the trial court's denial of the motion for mistrial described above. The state denies that it failed to adequately comply with discovery and also asserts that the photographs in question were not prejudicial to the defendant.
La.C.Cr.P. art. 718 provides:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The state's failure to comply with discovery procedures which results in prejudice to the defendant constitutes reversible error. However, the state's failure to comply with discovery procedures will not automatically command reversal. The defendant must show prejudice in order for his conviction to be reversed. Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. State v. Morris, 28,312 (La.App.2d Cir.8/21/96), 679 So.2d 482. Failure to comply with discovery merits mistrial only when the state's conduct substantially affects the defendant's right to prepare a defense. State v. Hooker, 623 So.2d 178 (La.App. 2d Cir.1993). Mistrial is a drastic measure and is warranted only when substantial prejudice sufficient to deprive defendant of a fair trial will result. State v. Morris, supra. Determining whether such prejudice has resulted is within the sound discretion of the trial judge. Id. It is not mandatory that the trial court declare a mistrial when it is brought to the court's attention that one of the parties has not complied with a discovery request. As stated above, a mistrial is only warranted if a party is prejudiced by the other party's failure to comply with the discovery request. Id.
In the present case, the record shows that the state failed to produce the photographs in question prior to introducing them at trial. When a motion for discovery is filed, the state's duty to disclose is a continuing one. If the state, subsequent to the ordered disclosure, discovers additional evidence or decides to use a particular item as evidence, it must notify the defendant of the existence of the additional evidence or of its intended use at trial. La.C.Cr.P. art. 729.3; State v. Ray, 423 So.2d 1116, 1118 (La.1982). Nevertheless, *100 the record does not support a finding that Landrum was prejudiced by the state's failure to provide copies of the photographs before trial, nor was he prejudiced by their introduction as evidence during trial. Likewise, Landrum's brief provides no evidence or argument that any prejudice resulted from the untimely production of the evidence. The photographs merely depicted the apartment building and parking lot where the drug deal was consummated and the pickup truck used by the undercover officer. They were used merely for illustrative purposes to show where the parties were located during the drug deal and how the video equipment was installed in the truck. The untimely production of photographs did not prejudice or substantially affect Landrum's right to prepare his defense. This assignment likewise lacks merit.

Admission of Defendant's Photo
Landrum next argues that the trial court committed reversible error when it allowed the introduction of a photograph of him wearing a prison uniform at Richland Detention Center. Landrum claims that the photograph was gruesome and unfairly prejudicial. The state argues that the photograph was necessary to identify the then absent defendant, and that the photograph was carefully edited to remove all indications that it was a mug shot. The photograph in question may be unflattering, but it is not "gruesome." It shows Landrum's face as he is standing in front of a cinder-block wall. The picture was cropped in order to remove any indicia of clothing or other markings. Accordingly, it cannot be considered as evidence of other crimes under La. C.E. art. 404(B) as Landrum suggests.
Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing or place depicted. State v. Washington, 30,866 (La.App.2d Cir.8/19/98), 716 So.2d 936, writ denied, 98-2473 (La.1/8/99), 734 So.2d 1229. Because of Landrum's absence from trial, the photo was relevant to identify the defendant as part of the presentation of the state's case. This assignment has no merit.

Chain of Custody of Contraband
In his last assignment of error, Landrum argues that the trial court committed error in permitting the cocaine to be admitted into evidence due to mishandling and failure to establish a proper chain of custody. Before an item of evidence can be admitted, it must be sufficiently identified as having been involved in the occurrence in question. State v. Jackson, 629 So.2d 1374 (La.App. 2d Cir. 1993), writ denied, 94-0201 (La.5/6/94), 637 So.2d 1046. To admit demonstrative evidence at trial, the law requires that the object be identified, either by testimony that the object is related to the case, or by the chain of custody from the time of seizure until presentation at trial. State v. Toney, 26,711 (La.App.2d Cir.3/1/95), 651 So.2d 387. The law does not require that evidence as to custody eliminate all possibilities that the object has been altered. The state need only establish by a preponderance of the evidence that the object is the one connected with the case. State v. Sweeney, 443 So.2d 522, 528 (La.1983).
The evidence shows that while Officer Johnson was on his way to the Richland Apartments, he unexpectedly completed a drug buy at the gas station. He testified that he placed the contraband from the first buy in an evidence bag and segregated it from the bag containing the drugs purchased from Landrum and McMillian. Officers testified concerning the procedure for labeling and transferring evidence at the "secure" location. Officer Fleming, the chief narcotics officer, testified *101 that he received the substance suspected to be cocaine from Officer Johnson, sealed it in a larger evidence bag, and wrote the case number on the bag. Officer Fleming indicated that although the first buy was processed under a higher case number, the numbers assigned did not signify the sequence in which the crimes occurred. Officer Fleming acknowledged writing the number "2" on the evidence envelope for the Landrum/McMillian transaction, thereby designating that this was Officer Johnson's second buy that day. The sealed evidence was delivered to the North Louisiana Criminalistics Laboratory in Monroe. Officer Fleming obtained an Evidence Transfer Receipt for it. The evidence was tested and determined to contain cocaine. At trial, the state successfully established that the other evidence bag had remained separate from the bag containing the substance from the Landrum/McMillian sale, which was later identified as cocaine.
Landrum urges that Officer Johnson's failure to first go to the secure location to deliver the contraband from the first sale constitutes a defect in the chain of custody. Landrum does not explain whether the rocks of cocaine were mingled or why the evidence would be rendered inadmissible. Based upon our review, the jury could find by a preponderance of the evidence that the substance sold to Officer Johnson by Landrum and McMillian contained cocaine and was properly identified by the state's evidence without a break in the chain of custody. This assignment is without merit.

Conclusion
For the foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.