950 So.2d 126 (2007)
STATE of Louisiana, Appellee
v.
Quincy Vidal WILLIAMS, Appellant.
No. 41,731-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
*128 William Jarred Franklin, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Edward M. Brossette, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART, and CARAWAY, JJ.
BROWN, Chief Judge.
Defendant, Quincy Vidal Williams, was convicted by a jury of aggravated rape and was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant has appealed his conviction and sentence. For the following reasons, we affirm.

Facts
In the summer of 2003, while staying with her adult sister, Malinka Simmons, the 11-year-old victim alleged that defendant had sexual intercourse with her on two occasions. Defendant, Quincy Williams, who had fathered two children with Malinka, was also staying with Malinka at this time and the victim was occasionally left in his care.
In December 2003, the victim confided to Malinka's neighbor that Quincy Williams had engaged in sex with her. The neighbor told Malinka, and Malinka told the victim's mother who called the police. In January 2004, defendant was arrested and interviewed by Shreveport Police Detective Rod Demery. In a tape recorded statement, defendant admitted to having sexual relations with the victim.
Defendant was indicted for aggravated rape that occurred between the dates of June 1 and July 25, 2003. Thereafter, the state filed a notice to use other crimes evidence: Williams had been accused, but never charged, of raping the six-year-old daughter of another girlfriend in 1998. Defendant filed a motion to exclude this evidence. A hearing on the district attorney's notice was conducted, and the court found that the other crimes evidence would be allowed. Defendant also filed a motion to suppress his confession, which, following an evidentiary hearing, the trial court denied. Defendant filed motions for discovery asking for, among other things, a copy of any record of his criminal arrests and convictions. In response, the state provided defendant with, inter alia, a copy of his criminal history, which showed three arrests and two applications for licenses. One of the arrests was for shoplifting, a violation of La. R.S. 14:67.10, in Bossier City in 2002. The history did not contain a disposition of this matter, and showed "0" in the field for "convictions." Because defendant was convicted of misdemeanor theft in Bossier City, this became an issue when defendant requested a mistrial when, on cross-examination, the ADA questioned *129 his statement on direct that he had never been convicted of a crime.
By a vote of eleven to one, the jury convicted defendant as charged of aggravated rape. Defendant filed a motion for a mistrial and a motion for post-verdict judgment of acquittal. The court denied both motions. The court sentenced defendant to the mandatory term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The court further stated that it deemed defendant's right to file a motion to reconsider sentence waived because the sentence was set by the statute. Defendant has appealed both his conviction and sentence.[1]

Discussion
Sufficiency of Evidence
In his first assignment of error defendant urges that the state failed to prove the elements of the crime beyond a reasonable doubt. In particular, he argues that the state failed to exclude the possibility of no penetration.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.02/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.08/29/02), 827 So.2d 488, writ denied, 02-2634 (La.09/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, a sexual assault victim's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Robinson, 36,147 (La. App. 2d Cir.12/11/02), 833 So.2d 1207; State v. Ponsell, 33,543 (La.App. 2d Cir.8/23/00), 766 So.2d 678, writ denied, 00-2726 (La.10/12/01), 799 So.2d 490.
La. R.S. 14:41 provides, in part:
A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime. (Emphasis added).
At the time of this offense, La. R.S. 14:42 provided, in part:
A. Aggravated rape is a rape committed . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
. . .

*130 (4) When the victim is under the age of twelve[2] years. Lack of knowledge of the victim's age shall not be a defense.
Both the victim and her adult sister testified that the victim was 11 years old at the time of this incident. The victim testified that defendant penetrated her vagina with his penis. According to the victim, she was lying on her back "hanging off the side of the bed" during the encounter and defendant put his "private," which she identified as his penis, inside her vagina. The victim testified that the act was painful. She said that defendant told her that "if I wouldn't cooperate with him, he would tell my sister" that she had had sex with a teenage neighbor. By "cooperate," she explained that defendant meant "have sex." She also said that she and defendant had sex a second time on the floor of the bathroom.
Detective Demery testified that he read defendant his Miranda rights and had him sign the back of a Miranda card. The tape recording of the interview with defendant was played to the jury. At the beginning of the interview, defendant denied having any sexual contact with the victim. Subsequently, however, he admitted that he had engaged in sexual conduct with her. Specifically, defendant stated that the victim bent over the bed while he stood on the floor. He then said that "not even (unintelligible) half my head [of Williams' penis] [went inside the child's vagina]." Because the statement was longer than 30 minutes, the detective had to switch sides on the tape when the interview reached the 30-minute point. Defendant admitted to putting his penis in the child's vagina before the tape reached the cut-off point and the detective denied threatening defendant at any time.
The next witness was a 14-year-old girl, who testified that a man named Quincy Williams had been her mother's live-in boyfriend in 1998. Although the teenaged witness did not recognize defendant in court, her mother subsequently identified defendant as her former boyfriend. The teenager testified that when she was six years old defendant repeatedly made her engage in sexual acts; more specifically, she described the acts by saying "he put his privacy in my rear" and he "made me suck his privacy." The witness eventually told her mother what was happening, and her mother called the Shreveport Police Department. The police investigated the crime but the case was never prosecuted. SPD Officer John Schmelz was the initial responder to the call. Officer Schmelz testified that the SPD detective to whom the case had been assigned left the force during the course of the investigation and Officer Schmelz did not have any further contact with the investigation.
Dr. Anne Springer, a pediatrician with expertise in child sexual abuse, testified generally about the typical presentation of child sexual abuse victims and specifically about her examination and findings regarding the victim in the case at bar. Dr. Springer examined the victim in January 2004. Her examination revealed no physical evidence of penetration, but the doctor explained that this did not rule out penetration because the tissues involved heal quickly and frequently there is no physical evidence to show penetration.
The evidence was sufficient for a reasonable juror to convict. The child's testimony alone was sufficient; however, it was corroborated by defendant's confession that slight penetration occurred. The jury found defendant's recantation of his confession *131 not credible. Therefore, this assignment of error is without merit.
Other Crimes Evidence
In his second assignment of error defendant urges that the trial court should not have allowed the evidence showing that he engaged in sexual conduct with another child in 1998.
La. C.E. art. 412.2 provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
In State v. Miller, 98-0301 (La.09/09/98), 718 So.2d 960, 962, the supreme court discussed the additional concerns in similar cases:
Several other statutory and jurisprudential rules also play a role in determining the admissibility of such evidence. First, one of the factors listed in Article 404(B) "must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible." State v. Jackson, 625 So.2d 146, 149 (La.1993). Second, the state is required to prove the defendant committed these other acts by clear and convincing evidence. Id.; State v. Davis, 449 So.2d 466 (La. 1984). Third, even if independently relevant, the evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Finally, the requirements set forth in State v. Prieur, 277 So.2d 126 (La.1973) must be met. Thereunder, the state must, within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and describe these acts in sufficient detail. The state must show the evidence is neither repetitive nor cumulative, and is not being introduced to show the defendant is of bad character. Further, the court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury at the close of the trial that the other crimes evidence serves a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it.
Louisiana Code of Evidence article 412.2 was enacted following State v. Kennedy, 00-1554 (La.04/03/01), 803 So.2d 916,[3] and allows admission of evidence of other similar crimes even for general intent crimes such as aggravated rape when the victim in the case at issue is a child *132 under the age of seventeen. State v. Zornes, 34,070 (La.App. 2d Cir.04/03/02), 814 So.2d 113, writ denied, 02-1280 (La.11/27/02), 831 So.2d 269. As in State v. Zornes, defendant in the case at bar asked the jury to believe that the entire event was fabricated. The evidence that defendant had previously committed a similar offense against a female child left in his care while the mother was away at work is relevant and probative of the occurrence of the crime and of defendant's disposition toward children. Further, the evidence presented was clear and convincing. The differences between the offenses, including the variation in the victims' ages and the manner of sexual contact, are comparatively minor. Accordingly, this assignment of error is without merit.
Motion to Suppress
In his next assignment of error defendant claims that the trial court erred in denying his motion to suppress.
Before a confession can be introduced into evidence, the state must affirmatively prove that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451; La. C. Cr. P. art. 703(D); State v. Bowers, 39,970 (La.App. 2d Cir.08/19/05), 909 So.2d 1038; State v. Roddy, 33,112 (La.App. 2d Cir.04/07/00), 756 So.2d 1272, writ denied, 00-1427 (La.05/11/01), 791 So.2d 1288. The state must also establish that an accused who makes a statement during custodial interrogation was first advised of his Miranda rights. Id.
The admissibility of a confession is a question for the trial court. Great weight is placed upon the trial court's factual determinations because of its opportunity to observe witnesses and assess credibility. State v. Thibodeaux, 98-1673 (La.09/08/99), 750 So.2d 916, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000). Testimony of the interviewing police officer alone may be sufficient to prove that the statement was given freely and voluntarily. State v. Bowers, supra; State v. Henderson, 31,986 (La.App. 2d Cir.08/18/99), 740 So.2d 240.
The transcript of the statement corroborates Detective Demery's testimony that he informed defendant of his Miranda rights, including the rights to remain silent and to the presence of an attorney prior to the interview, and the transcript further reflects that defendant voluntarily waived these rights and elected to speak to the detective. At the suppression hearing, the court had the opportunity to hear the detective deny threatening or coercing defendant, and the trial judge elected to credit the testimony of the officer. There is no evidence to undermine the trial court's conclusion that defendant's statement was voluntary apart from defendant's self-serving testimony at trial, which the state refuted by showing that defendant had admitted to the crime prior to the 30-minute point in the tape when he claimed to have been threatened by the detective. This assignment of error is without merit.
Mistrial Motion
In his fourth assignment of error defendant argues that the trial court erred in denying his motion for mistrial based upon the state's violation of discovery rules. In discovery, the state gave defendant a copy of his "rap sheet" which showed an arrest for theft in Bossier City. No disposition was shown. During the trial and before defendant testified, the state learned that the defendant was convicted and sentenced on this misdemeanor theft charge.
After the state rested, defendant chose to testify. During cross-examination, the following exchange occurred:

*133 Q: . . . And you also stated earlier that you've never been convicted of a crime, right?
A: Yes.
Q: Okay. What about that theft you pled guilty to in 
Defense counselObjection, Your Honor. Ask for the jury to be removed. [Jury is removed.] . . . Your Honor, I'm referring to discovery filed February 17th, 2004. The record reflects five arrests, two implications (applications), from Mr. Williams, no convictions. I don't have any information about a conviction.
. . .
Prosecutor: Your Honor, the defendant has a conviction from Bossier for theft.
Court: Is this part of discovery?
Prosecutor: Your Honor, it shows his arrest on the rap sheet, it doesn't list a disposition.
. . .
Court: And when did you (ADA) just learn of it (conviction) that you could not share that with defense counsel?
Prosecutor: Shortly before we began this trial I got a call from my secretary. I asked her to call Bossier because I saw no disposition on the arrest sheet. I did not know that the defendant was going to take the stand and claim that he never had a conviction, which he did under [defense counsel's] direct.
Defendant made a motion for mistrial under La. C. Cr. P. art. 729.5 because the ADA did not provide defense counsel with this information. According to defense counsel, he would have brought out the information during direct examination had he known about it; he later said that he also would have questioned the jurors about this on voir dire. The court asked the prosecutor when he learned of the conviction, and the ADA said that he had the information before the state rested its case and before defendant testified.
The trial court found that the state had violated its obligation under La. C. Cr. P. art. 717 to provide defendant with discovery and found that the state's failure substantially prejudiced defendant because the evidence of a prior conviction weighs heavily upon the decision of defendant to take the stand. However, the court observed that defendant himself knew about his own conviction and that the trial was a very difficult process for the victim and her family. The court found that the prejudice to defendant did not warrant a mistrial but elected to admonish the jury to disregard testimony about defendant's theft conviction. The defendant objected to the court's denial of his motion for a mistrial and asked that the court not admonish the jury. At that point, the defendant took the stand again, the state withdrew its last question, and as there were no further questions, the defense rested.[4] La. C. Cr. P. art. 717 provides:

*134 Upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody.
La. C. Cr. P. art. 729.3 provides:
If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
La. C. Cr. P. art. 729.5 provides:
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
This matter needs to be put forth in the proper perspective. The state did give defendant a copy of his rap sheet which showed the theft arrest. Obviously, defendant knew that he was convicted on that charge and lied to the jury when asked by his attorney about any prior convictions.
As this court observed in State v. Morris, 28,312 (La.App. 2d Cir.08/21/96), 679 So.2d 482, 484:
The state's failure to comply with discovery procedures which results in prejudice to the defendant constitutes reversible error. However, the state's failure to comply with the discovery procedure will not automatically command reversal. The defendant must show prejudice in order for his conviction to be reversed. Sanctions for failure to comply with discovery motions are solely within the discretion of the trial judge and reversal is warranted only when there is an abuse of discretion and prejudice is shown. State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.1993), writ denied, 623 So.2d 1302 (La.1993); State v. DeMoss, 582 So.2d 964 (La.App. 2d Cir.1991). Mistrial is a drastic measure and is warranted only when substantial prejudice will otherwise result to the defendant sufficient to deprive him of a fair trial. State v. Smith, 418 So.2d 515 (La.1982). Determining whether such prejudice has resulted is within the sound discretion of the trial judge. State v. Matthews, 552 So.2d 590 (La.App. 2d Cir.1989), writ denied, 559 So.2d 137 (1990); State v. Brown, 557 So.2d 1085 (La.App. 2d Cir. 1990). It is not mandatory that the trial court declare a mistrial when it is brought to the court's attention that one of the parties has not complied with a discovery request. As stated above, a mistrial is only warranted if a party is prejudiced by the other party's failure to comply with the discovery request. State v. DeMoss, supra.

This information that he pled guilty was clearly available had either the ADA or defense counsel properly prepared *135 their case. Even so, it was not prejudicial. Defendant is arguing that he would not have lied if he had known that the ADA was aware of his conviction. The trial court should have allowed the ADA's question and permitted the jury to hear of the misdemeanor conviction. In fact, as shown by one juror's question to the court, not explaining that it was a misdemeanor shoplifting conviction was likely more harmful than saying nothing. This assignment of error is without merit. La. C. Cr. P. art. 921.
Excessiveness of Sentence
In his last assignment of error defendant urges that his sentence is constitutionally excessive. In the case sub judice, the sentence is dictated by statute: An offender convicted of aggravated rape must receive a sentence of life imprisonment at hard labor without benefit.[5] Where there is a mandatory sentence, there is no need for the trial court to justify, under La. C. Cr. P. article 894.1, a sentence it is legally required to impose. State v. Burd, 40,480 (La.App. 2d Cir.01/27/06), 921 So.2d 219, writ denied, 06-1083 (La.11/09/06), 941 So.2d 35; State v. Koon, 31,177 (La.App. 2d Cir.02/24/99), 730 So.2d 503. Because this offense is of such a shocking and heinous nature and there is nothing to suggest that the punishment is constitutionally excessive, this assignment of error is without merit.

Conclusion
For the foregoing reasons, defendant's conviction and sentence are affirmed.
NOTES
[1] The defendant obtained permission from this court to file a pro-se brief, but he did not do so.
[2] This was amended to thirteen years by Act 178 of 2006.
[3] Appeal after remand 02-214 (La.App. 5th Cir.06/26/02), 823 So.2d 411, writ denied, 02-2088 (La.01/24/03), 836 So.2d 43.
[4] A juror then engaged the judge in this exchange:

Juror: Can I ask a question?
Court: Yes, ma'am.
Juror: What was the thing that he is withdrawing, and we're supposed to exclude? It was something that ya'll talked about and we're not to consider it in testimony?
Court: That's correct.
Juror: Yeah, so what was it?
Court: That's the answer. You're not to consider it.
Juror: Okay. That's what I want to know. What don't we consider?
Court: Listen to me carefully. I understand your question, I really do. The answer is that because you're not to consider it, we're not telling you, we're not saying, and leave it at that, okay?
Juror: I'm not supposed to know, because I don't remember.
Court: Very good. Let me make certain the record's clear. The Court is not avoiding your answer. The court appreciates your answer, okay?
Juror: Yes, sir.
[5] That is, unless the state decides to seek the death penalty where the victim is under a prescribed age.