BROWN.J.
A jury convicted defendant, Bobby Ray Jagers, of two counts of armed robbery and two counts of aggravated kidnaping. Jagers appealed his convictions. Finding no error, we affirm.

Facts and Procedural Background

At approximately 7:30 p.m. on February 3, 1998, Barry Vance was robbed at gunpoint in the parking lot of Ryan’s Steak House in Bossier City, Louisiana. The perpetrator took Vance’s wallet and gold necklace. The perpetrator was driving a *286 Z-28 Camaro. Vance, a commercial airbrush artist, drew for police a sketch of the man that committed the robbery and of the vehicle the robber was driving. Shortly after the robbery and while Vance was still at the police station, Captain Stin-son of the Bossier City Police Department, while investigating another armed robbery, found a Z-28 Camaro fitting the description given by Vance in the parking lot of the Swan Lake Apartments in Bossier City. Vance was taken to the apartment complex where he identified the vehicle. The owner of the Z-28 Camaro was determined to be Lisa Tate, defendant’s girlfriend. On February 6,1998, Barry Vance identified defendant from a photographic lineup as the man who committed the robbery. He also made an in-court identification of defendant.
Tanya Simpson testified that she, Tracy Robinson and Raymond King were passengers in the Camaro at the time of the robbery. Ms. Simpson stated that they fled the scene and heard sirens; that defendant “was hauling ass — going pretty fast” and the car overheated, causing it to stall; that they waited for the car to cool down before starting up again; and that it | ¡.overheated again, at which time they pulled into the Swan Lake Apartments parking lot. Neither Robinson or King testified.
Patricia Clark, who had driven her husband’s 1987 Oldsmobile to Burger King with Willie Lane as her passenger, pulled into the Swan Lake complex parking lot. Defendant approached the Clark vehicle and asked Lane for a ride to Princeton, Louisiana. Clark refused and defendant pulled out a silver semi-automatic pistol which he pointed at Lane’s head.
Defendant, Ms. Simpson, Robinson and King got into the back seat of Mrs. Clark’s car. Defendant was seated immediately behind Lane on the passenger side of the car, still holding the gun. Mrs. Clark testified that she couldn’t see where defendant was pointing the gun but was told by defendant that he wanted her to drive him to Princeton, a small town located east of Bossier City on U.S. Highway 80.
Mrs. Clark drove her car from the apartment parking lot onto Swan Lake Road towards U.S. Highway 80. She told defendant several times that she needed to stop and get gas. Defendant told her to drive and refuel later. Mrs. Clark drove about a mile and then quickly pulled her car into the parking lot of a Circle K store at the intersection of Swan Lake Road and Highway 80. She and Lane jumped out of the car and ran into the store to ask for help. Mrs. Clark’s vehicle was driven away while she was inside the convenience store. The next day, Mrs. Clark’s car was found burned in Keithville, Louisiana. That same day, both Mrs. Clark and Lane identified defendant from a photographic lineup and thereafter, at trial.
A month later, in the first week of March 1998, defendant was arrested in Oklahoma and extradited to Louisiana where he was charged by | abill of information with two counts of armed robbery and by a grand jury indictment with two counts of aggravated kidnaping. A jury convicted defendant as charged.[1]
After receipt of a pre-sentencing investigation report (PSI), the trial court gave defendant two concurrent life imprisonment terms for the aggravated kidnaping of Mrs. Clark and Lane and a concurrent 20 year hard labor term without benefit for the armed robbery of Mrs. Clark. Defendant received a consecutive 30 year *287 hard labor sentence, also without benefit, for the armed robbery of Barry Vance.

DISCUSSION Sufficiency of the Evidence

It is always the function of the jury or factfinder to assess credibility and resolve conflicting testimony. State v. Robinson, 33,720 (La.App.2d Cir.06/21/00), 764 So.2d 190. The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. This court’s authority to review questions of fact in a criminal case does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984).

\4(1) Aggravated Kidnaping Convictions

La.R.S. 14:44(1) defines aggravated kidnaping as:
Aggravated kidnaping is the forcible seizing and carrying of any person from one place to another with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender’s actual or apparent control.
Defendant argues that there was no evidence of an intent to force Mrs. Clark and Lane to give up anything of value in exchange for their safe release. Defendant alternatively argues that the evidence at best was only sufficient to support the responsive verdict of simple kidnaping or the crime of carjacking.
In finding proof of aggravated kid-naping, the phrase “anything of apparent present or prospective value” includes the situation where an offender forces a victim to transport the offender to a particular location. State v. Arnold, 548 So.2d 920 (La.1989); State v. Roblow, 623 So.2d 51 (La.App. 1st Cir.1993).
Speaking to the same issues raised by defendant, the court in State v. Roblow, supra at 57-58 stated:
The state established the third element with proof defendant intended to force the victims to drive him to Shreveport and to engage in sexual relations with him. The transportation and the sexual relations independently support a finding that defendant intended to force the victims to give up something of value. As we indicated in State v. James, 459 So.2d 1299, 1313 (La.App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985), the phrase “anything of apparent present or prospective value” includes the situation where an offender forces a victim to transport the offender to a particular location. From the initial confrontation in the restaurant parking lot, defendant displayed his intent to force the victims to drive him to Shreveport. (Emphasis added).
|BIn State v. Arnold, supra, the supreme court explained that the relevant factor was “not whether the kidnapper explicitly communicated to the victim that performance of sexual acts would result in his or her release, but whether the kidnapper intended to extort sexual gratification from the victim by playing upon the victim’s hope for release.” State v. Arnold, 548 So.2d at 924.
*288 In the instant case, it is undisputed that the evidence was sufficient to support a finding of the first two elements of aggravated kidnaping, the forcible seizing and carrying of any person from one place to another. Instead, as noted above, defendant challenges the sufficiency of the evidence regarding his intent to extort anything of value from the victims in exchange for their safe release.
We find that the record supports the jury’s conclusion that the evidence sufficiently proved defendant’s intent to extort something of value from the victims in exchange for their safe release. The testimony of both victims establishes that defendant sought something of value (a ride to Princeton) by playing upon the victims’ fear and hope of eventual release in order to gain compliance with his demands. It was not necessary for the state to prove that defendant explicitly stated to the victims that compliance with his demands would result in their release. See State v. Arnold, supra; State v. Roblow, supra. Viewed in the light most favorable to the prosecution, the evidence was sufficient to support the finding of all of the elements of the crime of aggravated kidnaping.

\c,(2) Armed Robbery Convictions

La.R.S. 14:64 provides that armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission or directly or indirectly counsel or procure another to commit the crime, are principals. La.R.S. 14:24; State v. Williams, 33,201 (La.App.2d Cir.05/15/00), 758 So.2d 1003.
Defendant was positively identified by both Mrs. Clark and Lane as the perpetrator of the robbery. Defendant argues that he took nothing of value from Mrs. Clark’s immediate control because she was in the Circle K store and away from defendant when her vehicle was taken. To the contrary, Mrs. Clark fled the vehicle to escape possible harm. Defendant immediately drove off in the ear. The vehicle was under Mrs. Clark’s control and taken through intimidation by an armed bandit. The time frame was such that the elements of armed robbery were satisfied. See State v. Refuge, 300 So.2d 489 (La.1974); State v. Toney, 26,711 (La.App.2d Cir.03/01/95), 651 So.2d 387. Force or intimidation may be applied at any time in the course of the crime in order to complete the offense of armed robbery. State v. Walker, 28,577 (La.App.2d Cir.10/04/96), 681 So.2d 1023.
Viewed in the light most favorable to the prosecution, the evidence was such that a rational trier of fact could have found that the essential 17elements of the armed robbery of Mrs. Clark were proven beyond a reasonable doubt.[2]
*289 Although defendant’s brief does not allege specific problems with the jury’s guilty verdict of armed robbery of Barry Vance, the record clearly supports the verdict as to that count. Vance testified to the details of the robbery, including the use of a handgun, and positively identified defendant as the perpetrator. It was within the jury’s province to accept this testimony over the veiled suggestion of a drug deal gone bad.

CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are AFFIRMED.

. Both the information and indictment contained the same docket number and listed the four counts. A defense motion to sever was denied.

. As noted above, defendant has argued that his actions were more accurately described as carjacking. La.R.S. 14:64.2 defines carjacking as the intentional taking of a motor vehicle, belonging to another person, in the presence of that person, or in the presence of a passenger, or any other person in the lawful possession of the motor vehicle, by the use of force or intimidation. Carjacking does not require the use of a dangerous weapon. The use of a dangerous weapon, however, is a required element of armed robbery and was clearly established in the instant case. Although the evidence in this case would support a conviction of carjacking, that crime does not as adequately define defendant's actions as does armed robbery.