997 So.2d 183 (2008)
STATE of Louisiana, Appellee
v.
Perry BANKS, Appellant.
No. 43,670-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*184 Robert Noel, II, Monroe, for Appellant.
William R. Coenen, Jr., District Attorney, Penny W. Douciere, Kenneth D. Wheeler, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY, and PEATROSS, JJ.
BROWN, Chief Judge.
A jury found defendant, Perry Banks, guilty of five counts of armed robbery. He was sentenced to five concurrent 40 year terms at hard labor. This appeal is based upon the denial of the motion to suppress a signed confession. We affirm.

Facts
On May 9, 2006, defendant was charged by bill of information with six counts of armed robbery in violation of La. R.S. 14:64. Prior to trial, the state amended the bill of information to delete the sixth count of armed robbery. Prior to trial, a hearing for both a preliminary examination and defendant's motion to suppress was conducted over three, non-sequential days: October 18, 2006, February 7, 2007, and March 21, 2007. Defendant urged the trial court to suppress a signed confession on the grounds that it was generated by means of coercion and duress.
Four police officers gave testimony at the hearing as to the investigation and interrogations leading to defendant's arrest.
On March 17, 2006, the Rayville Police Department received a telephone call that an altercation was in progress on Linda Street. Officer Ken Sanders arrived on the scene and found six men in the street surrounding defendant. Officer Sanders separated defendant from the group. Defendant informed Officer Sanders that the fight was over a girl. Officer Sanders told defendant to go inside his sister's house and then questioned the six members of the group: Shannon Seals, David Williams, Larry Johnson, Maurice Rivers, Thomas Van Buren, and Tasper Marzett. These men told Officer Sanders that defendant had robbed them that night. They told Officer Sanders that defendant entered Tunisha Coward's house at 610 Foster Street, Rayville, menaced them with a handgun, and ordered them to give him all their money and cell phones. They obeyed. All the men knew defendant for various lengths of time before the robbery and were positive of his identification. After defendant fled the house with approximately $300 and a cell phone, the men began looking for him at various places they knew he frequented. The men saw defendant standing in front of his sister's house, wearing the same shoes and pants as when he robbed them.
Officer Sanders escorted the men to the Rayville police station where each of the men made and signed statements regarding the above allegations.
Officer Sanders, after failing to find defendant at his sister's house, typed a warrant for defendant and had it signed by a judge on March 19, 2006. Officers Tamarao *185 Turner and Nicholas Gee located defendant on March 21, 2006, and took him to the Rayville Police Department for questioning. Officer Turner testified that he gave defendant a Miranda form to read and sign. After reading the form, defendant refused to sign it, but was willing to make and sign a statement denying the allegations of armed robbery.
After Officer Turner finished questioning defendant, Officer Sanders interviewed defendant, who gave a second statement, again denying the allegations made by the robbery victims. Officer Turner testified that he decided the matter required further investigation and released defendant. Officer Turner testified that he questioned Willie Carter, who stated that he saw defendant enter and leave the house on Foster on the night of the robbery, and that soon after, the victims in the house told Carter that defendant had robbed them. Officer Turner also questioned some of the victims a second time. Officer Turner testified that the victims described the pistol used to rob them as a black automatic with a black handle.
Officer Jerry Walker testified that, pursuant to the warrant issued on March 19, 2006, he brought defendant to the Rayville Police Station on the morning of April 19, 2006, and left him in a holding cell where defendant waited for Officer Sanders to question him. Officer Walker testified that he did not know the exact time he arrested defendant, but that it could have been between 7:00 and 9:00 a.m. Officer Sanders gave defendant a Miranda form to read, which defendant signed. The time of signing marked on the Miranda form was 10:17 a.m. Defendant denied any involvement in the robbery.
Defendant was next verbally Mirandized and interviewed that same day by Police Chief Willie Robinson in the chief's office. Chief Robinson testified that, at that time, defendant confessed to committing the robberies. Chief Robinson returned defendant to Officer Sanders who again gave defendant a Miranda form to read and sign. The form states the time as 1:35 p.m. Defendant then made and signed a statement, confessing to the robberies and giving details. He stated that he used a black .380 automatic pistol and took approximately $300 from the victims. Officer Sanders and Chief Robinson testified that it was at this time that defendant was charged and processed.
Chief Robinson and Officer Sanders both testified that defendant never asked for food, water, or access to a lawyer, and that at no time was defendant coerced or put under duress to make the confession.
Defendant did not testify at the hearings. The defense produced one witness: Thelma Coon, defendant's first cousin. Ms. Coon testified that, approximately a week after the defendant was arrested on April 19, 2006, she visited defendant at the detention center where he was being held. She testified that, at that meeting, defendant told her that on the day of his confession, he had asked the police officers questioning him for food and water but was not given anything to eat or drink.
On the final day of the hearings, March 21, 2007, the trial court denied the motion to suppress defendant's confession.
A trial by jury was conducted in January, 2008. Defendant's confession to five counts of armed robbery was admitted into evidence, along with the testimony of Chief Robinson, Officer Sanders, and the five alleged victims. Defendant objected to the admission of the confession, which objection was overruled. Defendant offered no evidence. The jury found defendant guilty on all five counts of armed robbery, and *186 the trial court imposed five concurrent 40-year terms at hard labor.
Defendant filed the instant appeal.

Discussion
Defendant argues that the trial court erred in denying the motion to suppress his confession because the confession was obtained by means of coercive methods. Specifically, defendant argues that the length of time he was interrogated without food or water amounts to duress. In addition, he claims that his arrest on April 19, 2006, was an illegal detention because it was made pursuant to a warrant that had already been executed on March 21, 2006.
Before a confession can be introduced into evidence, the state must affirmatively prove that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La. C. Cr. P. art. 703(D); State v. Roddy, 33,112 (La.App. 2d Cir.04/07/00), 756 So.2d 1272, writ denied, 00-1427 (La.05/11/01), 791 So.2d 1288. The state must also establish that an accused who makes a statement during custodial interrogation was first advised of his Miranda rights. State v. Franklin, 35,268 (La.App. 2d Cir.12/19/01), 803 So.2d 1057, writ denied, 02-0352 (La.02/07/03), 836 So.2d 85.
The admissibility of a confession is a question for the trial court. The trial court's conclusions on the credibility and weight of testimony relating to the voluntary nature of the confession will not be overturned on appeal unless clearly not supported by the evidence. State v. Thibodeaux, 98-1673 (La.09/08/99), 750 So.2d 916, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000); State v. Dailey, 607 So.2d 904 (La.App. 2d Cir. 1992). Great weight is placed upon the trial court's factual determinations because of its opportunity to observe witnesses and assess credibility. State v. Roddy, supra. Testimony of the interviewing police officer alone may be sufficient to prove that the statement was given freely and voluntarily. State v. Bowers, 39,970 (La.App. 2d Cir.08/19/05), 909 So.2d 1038.
Defendant claims that he was deprived of food and water during the interrogation leading to his confession, a period of approximately four hours. Defendant argues that this treatment amounts to coercion and duress on the part of the interviewing police officers sufficient to show that the confession was involuntary. Thus, defendant argues, the trial court erred in denying the motion to suppress the evidence.
We cannot find that the alleged treatment constitutes coercion or duress. Officer Sanders and Chief Robinson consistently testified that at no time did defendant request food or drink. This testimony was only contradicted by the testimony of defendant's first cousin, Thelma Coon, who could only transmit the hearsay statement of defendant. The trial court properly concluded that this testimony was hearsay and self-serving. In any case, the trial court's finding that the confession was made voluntarily and free of duress was clearly supported by the evidence provided by the interviewing police officers' testimony and the signed Miranda forms, with little or no evidence to the contrary. State v. Bowers, supra. So supported, the trial court's judgment cannot be overturned by a reviewing court. State v. Thibodeaux, supra.
Defendant also argues that the warrant used for his arrest on the day of his confession, April 19, 2006, had already been executed on March 21, 2006, and thus the confession was not admissible as it arose from an illegal detention. We do not *187 agree. Defendant was not arrested on March 21, but rather was asked to go with the police to the Rayville Police Station for questioning. Defendant was not booked, placed in handcuffs, taken to a detention center, or forced to post bond on March 21. What occurred was that the police had a complaint, questioned defendant, who denied any culpability and after releasing defendant, continued their investigation.
The trial court did not address this question on the record; however, the issue is of no significance. La. C. Cr. P. art. 213 provides that a peace officer may make a warrantless arrest when (1) the person to be arrested has committed a felony, although not in the presence of the officer, or (2) the officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer. State v. Scott, 42,997 (La.App. 2d Cir.02/13/08), 975 So.2d 782. A warrantless arrest must be based on probable cause. State v. Thomas, 349 So.2d 270 (La.1977).
Given the statements made by the victims who positively identified defendant, and the warrant actually issued, the trial court could easily find, and apparently did determine, that Officer Walker had ample probable cause to arrest defendant for armed robbery on April 19, 2006. Further, we note that defendant was repeatedly given his Miranda rights throughout the questioning. Accordingly, we do not find that defendant's arrest on April 19, 2006, was illegal.

Conclusion
Defendant's conviction and sentence are affirmed.