NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-956

STATE OF LOUISIANA

VERSUS

JUSTIN SEAWRIGHT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 141932
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

AFFIRMED.

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Justin Seawright**

**Honorable Keith A. Stutes**
**Lafayette Parish District Attorney**
**J.N. Prather, Jr.**
**Assistant District Attorney**
**Janet Perrodin**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR STATE/APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Justin Seawright**

**Justin D. Seawright**
**Dixon Correctional Institute**
**P.O. Box 788 Unit-2 Dorm-5**
**Jackson, LA  70748**
**DEFENDANT/APPELLANT**
    **Justin Seawright**

**SAUNDERS, Judge.**

There were multiple amended bills of information filed in this case, the most recent dated January 12, 2015. The State charged Defendant, Justin Seawright, with carjacking, a violation La.R.S. 14:64.2; and two counts of armed robbery, violations of La.R.S. 14:64. Defendant waived formal arraignment on March 12. The parties met in open court on March 30 in anticipation of a guilty plea, but Defendant made no such plea. The district court continued the matter to August 3. Defendant filed a written motion for speedy trial on April 13; on April 15, the court signed an order reiterating the August 3 trial date. On July 23, the State filed a motion in open court to continue the trial from the August 3 date. Defendant objected, but the court granted the continuance and set the matter for September 8. The court also reduced Defendant's bonds for the three charges. Jury selection began on September 8. Ultimately, the jury found Defendant guilty of all three charges. On December 1, 2015, the court sentenced Defendant to fifteen years at hard labor for carjacking, without benefit of parole; for the armed robbery in count two, the court sentenced Defendant to twenty years to run concurrently with the carjacking sentence, without benefit of parole. On the other armed robbery, the court sentenced Defendant to thirty years to run consecutively with the other two sentences.

Defendant now appeals, assigning one error through counsel; he has also filed a pro se brief, assigning three errors, although one reiterates counsel's assignment.

**FACTS:**

As noted earlier, a jury found Defendant guilty of carjacking and two counts of armed robbery. He used the vehicle from the carjacking in one of the robberies, which he committed at a bank in Lafayette Parish.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## PRO SE ASSIGNMENT OF ERROR NO. 1:

We will address this assignment of error first, as it raises a pre-trial issue and the other assignments all address the sentence. Defendant states that he filed a motion for speedy trial on April 13, 2015. At a hearing on July 23, 2015, the district court granted the State a continuance and set a trial date for September 8, 2015. As Defendant notes in his brief, his motion for speedy trial was based upon La.Code Crim.P. art. 701(D). This provision and related paragraphs state:

> D. (1) A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant's counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. After the filing of a motion for a speedy trial by the defendant and his counsel the time period for commencement of trial shall be as follows:
>
> (a) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
>
> (b) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody.
>
> (2) Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
>
> E. "Just cause" as used in this Article shall include any grounds beyond the control of the State or the Court.
>
> F. A motion for a speedy trial filed by the defendant, but not verified by the affidavit of his counsel, shall be set for contradictory hearing within thirty days.

A statutory speedy trial claim is a pre-trial claim that becomes moot upon conviction. *See State v. Johnson*, 622 So.2d 845 (La.App. 4th Cir.1993). Any rights under La.C.Cr.P art. 701 become moot after conviction because the remedy for such a violation is the pre-trial release of the defendant, not a bar to prosecution. *State v. Johnson*, 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1091, *writ denied*, 09-1394 (La.2/26/10), 28 So.3d 268 (citing *State v. Cowger*, 581 So.2d at 286).

*State v. Otkins-Victor*, 15-340, p. 71 (La.App. 5 Cir. 5/26/16), 193 So.3d 479, 529.

Thus, Defendant's pro se assignment lacks merit to the extent it relies upon La.Code Crim.P. art. 701.

Defendant also argues his constitutional right to a speedy trial was violated. However, it is questionable whether he raised this basis in the district court and thus preserved it for appellate review. His written motion was based upon La.Code Crim.P. art. 701. Also, when the parties discussed the speedy trial motion at the hearing on a State motion to continue, defense counsel mentioned Defendant's constitutional right to speedy trial, but his argument indicated he was seeking pretrial release or a lower bond.

> [Mr. Register:]
>
> Now, if she wants to get her continuance, Judge, and we want to compromise on this, then good. Cut his bond in half. You know, give him the opportunity to be released.
>
> . . . .
>
> THE COURT: Do we know what his bond is? Can we find out what his bond is?
>
> MR. REGISTER: It's roughly $250,000. But he can't -- Even if you reduce that in half, he still can't get out.
>
> THE COURT: Well, I mean, I'm going to reduce it, because -- Although we're only making him wait about a month, I'm going to reduce his bond. But I need to know what it is.
>
> MR. REGISTER: Can you call?

THE COURT: Find out what his bond is. He has several charges? I need to know what his total bond is on all the charges.

(OFF THE RECORD AND THEN BACK ON THE RECORD)

THE BAILIFF: Total bond, Judge, is $250,000.

THE COURT: $250,000.

THE MINUTE CLERK: Is there a breakdown?

THE COURT: Can they break it down for us? Ask them if they can break it down by charge for us.

(OFF THE RECORD AND THEN BACK ON THE RECORD)

THE BAILIFF: Two armed robberies at $100,000 and one carjacking at $50,000.

THE COURT: All right. So I'm going to - - on each of these charges, I'm going to reduce the bond by 50 percent. So the carjacking bond will now be $25,000, armed robbery will be - - one count $50,000 and the other $50,000. So his total bond is not $125,000.

MR REGISTER: And, again, for the record, Judge, we certainly appreciate the Court reducing his bond in half, but we just want the Court to note our objection, if, in fact, it's the Court's desire to continue this case.

THE COURT: Yeah, I know. I'm going to allow it to be continued to that September 8th trial date as a first priority fixing. Everybody needs to make sure their witnesses are here. There's going to be no more continuances in this matter.

Defendant's pro se brief cites a supreme court case and jurisprudence therein regarding constitutional speedy trial rights:

A defendant's right to a speedy trial is a fundamental right imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). *See also* La. Const. (1974) art. 1, § 16. The underlying purpose of this constitutional right is to protect a defendant's interests in preventing oppressive pretrial incarceration, limiting possible impairment of his

defense, and minimizing his anxiety and concern. *Barker*[*v. Wingo*], 407 U.S. [514] at 515, 92 S.Ct. 2182 [1972].

The United State Supreme Court made the following observations concerning a defendant's Sixth Amendment right to a speedy trial in *Barker*:

> The right to a speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate. As a consequence, there is no fixed point in the criminal process when the State can put the defendant to the choice of either exercising or waiving the right to a speedy trial. If, for example, the State moves for a 60-day continuance, granting that continuance is not a violation of the right to speedy trial unless the circumstances of the case are such that further delay would endanger the value the right protects. It is impossible to do more than generalize about when those circumstances exist. . . . Thus, as we recognized in *Beavers v. Haubert*, [198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905)], any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case:
>
> > "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights of a defendant. It does not preclude the rights of public justice. 198 U.S., at 87[, 25 S.Ct. 573] . . . .
>
> The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy."

*Id*. at 522-23, 92 S.Ct. 2182 (footnote omitted).

In determining whether a defendant's right to speedy trial has been violated, courts are required to assess the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." *Barker*, 407 U.S. at 530, 92 S.Ct. 2182; *State v. Alfred*, 337 So.2d 1049, 1054 (1976) [on rehearing]. Under the rules

established in *Barker*, none of the four factors listed above is "either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial." *Id.* at 533, 92 S.Ct. 2182. Instead, they are "related factors and must be considered together . . . in a difficult and sensitive balancing process." *Id.*

*State v. Love*, 00-3347, pp. 14-15 (La. 5/23/03), 847 So.2d 1198, 1209-10.

Even though this court views the issue as not preserved for appellate review, the assignment still lacks merit. In discussing the *Barker* factors, Defendant alleges no specific prejudice in his pro se brief.

We will address the remaining pro se assignments in numerical order for the sake of clarity.

## PRO SE ASSIGNMENT OF ERROR NO. 2:

In his second pro se assignment of error, Defendant argues the district court erred by failing to rule on his motion to reconsider sentence. We find that this assignment rests upon an incorrect premise, as the sentencing court did rule upon Defendant's oral motion to reconsider sentence:

> MR REGISTER: All right. Thank you. And, at this point, I'm going to verbally request a motion for reconsideration - - and I'll follow it up with a written motion.
>
> As it relates to the sentence in count one, which is 15 years, and count two, which is 20, we would simply argue to the Court that such a sentence is excessive based upon those particular - - based up those two counts.
>
> As relates to count three, it is my understanding that the Court is ordering that count three run consecutive to counts one and two. We would make the argument that count two and three involve a single set of the same facts. And, to allow those sentences to run concurrent - - or at least consecutive - - we would simply move to the Court that is simply cruel and unusual and unjust punishment, and we would ask the Court to reconsider the sentence that the Court has just imposed.
>
> THE COURT: Well, as I pointed out, counts one and two are running concurrent, because they were the same event and the same victim.

6

> Count three happened a day later. It's not the same event and the same victim, although he did use the vehicle from the carjacking to facilitate it.
>
> And, as that is a separate and distinct offense, the Court finds it's appropriate that that sentence run consecutive, which is why I have so ordered.

Therefore, this assignment lacks merit.

## ASSIGNMENT OF ERROR & PRO SE ASSIGNMENT OF ERROR NO. 3:

In counsel's sole assignment of error and the final pro se assignment of error, they claim that Defendant's sentences are excessive. However, the pro se brief challenges the consecutive nature of the sentence for the second count of armed robbery. This was the same basis raised in his oral motion to reconsider sentence, just cited in the previous assignment. His counsel-filed brief contains two arguments. It first argues that the sentencing court failed to include sufficient reasons in the record to support the sentence. However, the general thrust of his argument is a bare claim of excessiveness, as he contends the "sentences make no measurable contribution to acceptable goals of punishment" and further requests this court to remand with an order "to impose lesser, non-constitutionally excessive sentences." He also argues the sentences should have been concurrent.

The pertinent provision is La.Code Crim.P. art. 881.1(E), which states: "Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." The issue of whether all of the sentences should have been concurrent is clearly preserved and will be addressed.

The controlling statute is La.Code Crim.P. art. 883:

7

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

As shown by the colloquy cited in the previous assignment, the sentencing court gave reasons for the consecutive sentence. Further, this court has upheld consecutive sentences for separate acts. *State v. H.B.*, 06-1436 (La.App. 3 Cir. 4/4/07), 955 So.2d 255. Pursuant to La.Code Crim.P. art. 883 and *H.B.*, this portion of the assignment lacks merit.

To the extent counsel argues that the district court failed to properly support the sentence with reasons, that argument has not been preserved as a separate issue. This court has explained: "Because the defendant did not raise in his oral motion to reconsider sentence that the trial court failed to comply with La.Code Crim.P. art. 894.1, he cannot raise that for the first time on appeal. *See* La.Code Crim.P art. 881.1(E) and Uniform Rules--Courts of Appeal, Rule 1-3." *State v. Matthew*, 07-1326, p. 4 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, 997, *writ denied*, 08-1664 (La. 4/24/09), 7 So.3d 1193. Therefore, this portion of the assignment lacks merit.

Defendant also argues that sentences are excessive in length. He received fifteen years for carjacking, with a concurrent twenty-year sentence for armed robbery, and a consecutive thirty-year sentence for the other armed robbery. As noted earlier, Defendant's oral motion to reconsider sentence did not address the length of incarceration. As that ground was not raised, it is precluded pursuant to La.Code Crim. P. art 881.1. This court has explained:

In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider

sentence. Thus, this court found his claim of excessiveness of sentence was barred.

Based on the above statutory law and jurisprudence, Defendant is precluded from a review of the excessiveness of the sentences. We are mindful, however, that this court has reviewed claims of excessiveness where no objection was made, no motion to reconsider sentence filed, or at a minimum, Defendant only objected to the excessiveness without stating a ground for his objection. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La.6/25/10), 38 So.3d 336, *cert. denied*, ___ U.S. ___, 131 S.Ct. 932, 178 L.Ed.2d 775 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127. Accordingly, we will review the Defendant's claim as a bare claim of excessiveness.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57,] 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Bowles*, 13-80, pp. 7-8 (La.App. 3 Cir. 10/9/13), 123 So.3d 350, 357, *writ denied*, 13-2655 (La. 4/25/14), 138 So.3d 643.

As for the nature of the crimes, armed robbery and carjacking are clearly violent offenses, even though Defendant apparently used an airgun to facilitate them. Regarding the nature and background of the offender, we cite the following colloquy:

> [THE COURT:]
>
> I've shared the report with Ms. Perrodin, the ADA, and with your attorney, Mr. Register. And I understand that you and Mr. Register just went over the PSI. Is that correct?
>
> JUSTIN D. SEAWRIGHT:
>
> Yes, ma'am.
>
> THE COURT:
>
> The possible sentence which can be imposed upon you for each count of armed robbery is imprisonment at hard labor for not less than 10 not more than 99 years, without benefit of parole, probation, or suspension of sentence.
>
> The possible sentence which can be imposed upon you for the offense of carjacking is imprisonment at hard labor for not less than two nor more than 20 years, without benefit of parole, probation, or suspension of sentence.
>
> The presentence report reflects that you have one prior felony conviction from June 29th of 2001 when you pled guilty to simple burglary. On that charge you were place on probation. However, your probation was revoked, and, subsequently, your parole was also revoked on that charge.
>
> You also have misdemeanor convictions for possession of marijuana, DWI, and receiving stolen things. And your record indicates that you have had at least four bench warrants issued for failure to appear in court, two of which appear to still be active bench warrants.
>
> Do you dispute any of that?

10

JUSTIN D. SEAWRIGHT:

No, ma'am.

THE COURT:

All right.

THE COURT: Mr. Register, are there any facts that you would like to bring before the Court in regard to mitigation?

MR. REGISTER: The only thing that I would like to add, Judge, is that, at the time that my client was arrested, he did, in fact, participate with, I believe, some federal authorities and gave them some information pertaining to other cases.

And it's my understanding that information was useful at some point, that resulted in the arrest of other defendants. I don't know if the DA would confirm that or not but, at the same time, it was indicated in the sentencing - - presentencing report that he was not given any credit for that.

If, in fact, that is undisputed by the DA, in sentencing this defendant, I would ask the Court to give him some credit for cooperating with the federal or state authorities that resulted in other arrests.

Pursuant to the final *Lisotta* factor, the supreme court upheld a forty-year sentence for an armed robbery in which the defendant used a toy pistol. *State v. Green*, 409 So.2d 563 (La.1982). The first circuit affirmed a twenty-five-year sentence for an armed robbery committed with an unloaded BB gun. *State v. Craddock*, 10-1473 (La.App. 1 Cir. 3/25/11), 62 So.3d 791, *writ denied*, 11-862 (La. 10/21/11), 73 So.3d 380. The second circuit affirmed a thirty-year sentence for an armed robbery committed with an unloaded gun. *State v. Bowers*, 39,970 (La.App. 2 Cir. 8/19/05) 909 So.2d 1038. These cases show that the armed robbery sentences at issue do not fall outside the norms of Louisiana jurisprudence. Pursuant to La.R.S. 14:64, Defendant could have received up to ninety-nine years for each armed robbery; under La.R.S. 14:64.2, he could have received up to

11

twenty years for carjacking.  In light of the various points of consideration, the sentence imposed is not excessive.

**DECREE:**

The convictions and sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.